UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-122-JD-MGG

STEPHEN TABLER, et al.,

Defendants.

OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a complaint against the jail staff at the Pulaski County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Huff alleges that, on June 14, 2017, a correctional officer's ordered him to return to his cell. Though he verbally refused to comply with the order, he turned his back and raised his hands to indicate that he was not threatening violence. Jail Commander Tabler and Officer Sewell attempted to push and pull Huff into his cell. Tabler grabbed

and violently twisted Huff's right wrist and threatened to break it; he also used a taser on Huff. When Tabler and Sewell pinned Huff on the ground, they kneed him in the face, ribs, and back. Deputy Barton assisted with escorting Huff to a padded cell. Upon arrival, Barton slammed Huff into the ground, choked Huff, and elbowed him in the head. As a result, Huff suffered a black eye, injuries to his scalp and lip, severe headaches, and pain in his throat, right wrist, back, ribs and right knee as well as anxiety. He was also transferred to the Starke County Jail, which resulted in the loss of contact with family and friends, depriving him of money, visits, and mail.

Huff alleges that the use of force and transfer violated his right to be free from cruel and unusual punishment and his right to due process. Because Huff is a pretrial detainee rather than a convicted prisoner, "we assess [his] claim under the Fourteenth Amendment instead of the Eighth Amendment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The complaint plausibly implies that the use of force and the transfer to the Starke County Jail amounts

2

to punishment. Huff thus states a due process claim under the Fourteenth Amendment against Jail Commander Tabler, Officer Sewell, and Deputy Barton.

For these reasons, the court:

(1) Michael Allen Huff is GRANTED leave to proceed on a claim against Stephen Tabler, Steven Sewell, and Seth Barton for punishing Huff in violation of the Fourteenth Amendment by using excessive force and transferring him to another jail;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Stephen Tabler, Steven Sewell, and Seth Barton at the Pulaski County Jail with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, Stephen Tabler, Steven Sewell, and Seth Barton to respond pursuant to 42 U.S.C. § 1997e(g)(2), as provided by the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Michael Allen Huff has been granted leave to proceed in this screening order.

SO ORDERED on April 5, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT